UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

WILLIAM R. KERR,

        Petitioner,

        v.                                   Case No. 04-C-1153

MIKE DITTMAN,

        Respondent.

ORDER GRANTING CERTIFICATE OF APPEALABILITY
AND FINDING APPEAL TO BE TAKEN IN GOOD FAITH

On July 12, 2012, the court entered judgment dismissing this case following its finding that no plea offer was made to William R. Kerr by Assistant District Attorney Mark Williams on the day of his state court trial. Thus, trial counsel was not ineffective for giving bad advice that caused Kerr to reject a plea offer; instead, there was no offer at all. Kerr has appealed this court's judgment and requests a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate of appealability issues if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The certificate of appealability determination is not a second assessment of the merits. *See Miller-El*, 537 U.S. at 327, 336. Instead, the determination involves a threshold inquiry into the debatability of the district court's decision. *Id.* at 336. The petitioner need not demonstrate that the appeal will succeed. *Id.* at 337. A claim may be debatable even though every jurist, after full consideration of the merits of the case, would decide against the petitioner. *Id.* at 338; *see also Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 at 342.

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Davis*, 349 F.3d at 1028, 1029. If the court denies the request for a certificate of appealability, it must state its reasons. Fed. R. App. P. 22(b)(1).

The court will issue a certificate of appealability on Kerr's ineffective assistance of counsel claim relating to advice given regarding a plea offer. An evidentiary hearing was conducted by this court and it was determined that Kerr received no plea offer from the assistant district attorney handling this case. Based upon that factual finding, Kerr's habeas petition was denied. However, the evidence was not so one-sided that it was not debatable. Though testimony from Attorneys Gerald Boyle and Mark Williams supported the court's finding, testimony from Kerr and Attorney Bridget Boyle plus letters between them supported Kerr's argument. The factual question was debated and remains debatable for appeal. Reasonable jurists could discuss and disagree about the evidence and the court's conclusion. Therefore,

IT IS ORDERED that petitioner's request for a certificate of appealability is granted on the issue of ineffective assistance of counsel relating to advice on a plea offer, including the court's factual finding that no plea offer was made.

Moreover, for purposes of in forma pauperis status on appeal, the court affirmatively states that the appeal has been taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

Dated at Milwaukee, Wisconsin, this 30th day of August, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE